IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:09-CV-189-FL

| | | |
|---|---|---|
| THE MAINSTREET COLLECTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KIRKLAND'S INC.; KIRKLAND'S STORES, INC.; and KIRKLANDS.COM, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

NO. 4:09-CV-199-FL

| | | |
|---|---|---|
| THE MAINSTREET COLLECTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LOIS HALL and LOIS & FRIENDS LLC doing business as Mountain Mamas, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes now before the court on plaintiff's motion to consolidate the above referenced cases, The Mainstreet Collection, Inc. v. Kirkland's Inc., et al., 4:09-CV-189-FL ("Kirkland's"), and The Mainstreet Collection, Inc. v. Lois Hall, et al., 4:09-CV-199-FL ("Hall"). (Kirkland's DE # 112; Hall DE # 22). Defendants in both actions oppose the motion, and the issue raised is ripe for adjudication. For the reasons that follow, plaintiff's motion is granted in part and denied in part.

## BACKGROUND

In the fall of 2009, plaintiff initiated these actions separately, claiming in both cases trade dress infringement, copyright infringement, and unfair and deceptive trade practices.[1] Plaintiff's asserted trade dress in both actions is a high contrast, monogrammed, polka dot design. Specifically, in Kirkland's, plaintiff describes its trade dress as "(1) closely and symmetrically arranged, white polka dots on a background of either black, hot pink, or lime green color, the background often consisting of Moire fabric, and (2) a single, capital letter monogram in Curlz font, colored either lime green, hot pink, or black embroidered on and contrasting with the underlying color." (Am. Compl. ¶ 12.) In Hall, plaintiff describes its trade dress as "includ[ing], but [ ] not limited to, use of the colors hot pink and lime green, and a white and black polka dot, often with monograms or initials in standard Curlz font." (Am. Compl. ¶ 11.)

The alleged infringing products differ in the actions. In Kirkland's, plaintiff asserts certain portfolios, photo wallets, travel mugs, and night lights sold by the Kirkland's defendants infringe upon plaintiff's alleged trade dress. In Hall, plaintiff asserts a ric rack key chain designed and sold by the Hall defendants infringes upon plaintiff's alleged trade dress.

The copyright claims in Kirkland's and Hall also differ. In Kirkland's, plaintiff claims those defendants infringed upon its copyrighted holiday design, U.S. Copyright Registration No. VA 1-688-972. In Hall, plaintiff claims those defendants infringed upon its copyrighted swirl design, U.S. Copyright Registration No. 1-685-831.

---

[1] During the same period, plaintiff initiated two other similar suits: The Mainstreet Collection v. Pizzaz Accessories, Inc., 4:09-CV-186-BO (E.D.N.C. Oct. 20, 2009) and The Mainstreet Collection, Inc. v. Beehive Wholesale, LLC, 4:09-CV-204-D (E.D.N.C. Nov. 24, 2009). The latter suit settled and the former is stayed pending resolution of the instant cases.

2

## DISCUSSION

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). When evaluating the issue of consolidation, the court should weigh the risks of prejudice and possible confusion against the risk of inconsistent adjudications, the burden posed by multiple lawsuits, and the relative expense of proceeding separately. Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982). The decision to consolidate is committed to the trial court's discretion. Id. at 192. If granted, consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496–97 (1933).

Common factual and legal issues exist between these two cases regarding the threshold issue of whether plaintiff's asserted high contrast, monogrammed, polka dot design is a protected trade dress. Resolving this issue will likely involve the same evidence, and an inconsistent determination of this issue would prejudice the parties. Additionally, the cases share the same discovery schedule. Accordingly, pursuant to Rule 42(a)(1), the court allows plaintiff's motion to the extent it seeks to join the cases together for discovery and proceedings on the issue of whether plaintiff's asserted trade dress is protected.

These actions vary, however, with respect to several remaining issues. For instance, should the court determine plaintiff's asserted trade dress is entitled to protection, whether defendants' products infringe upon plaintiff's trade dress will involve different factual issues and joint trial may result in prejudice to the other defendants or otherwise confuse the jury. Likewise, the copyright

3

issues in the cases involve separate and distinct designs and alleged infringing products. Thus, the court denies plaintiff's request to the extent it seeks to consolidate the two actions in their entirety pursuant to Rule 42(a)(2).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to consolidate is GRANTED in part and DENIED in part (Kirkland's DE # 112; Hall DE # 22). Pursuant to Rule 42(a)(1), these proceedings are joined for purposes of discovery and trial as to the issue of whether plaintiff has a protected trade dress. The case management orders in both actions remain in full force and effect.[2] The parties shall continue to file documents separately in both cases. Should a motion in one action implicate the issue of plaintiff's asserted trade dress, the parties also shall serve the document on the defendants in the other action.

SO ORDERED, this the 27th day of August, 2010.

LOUISE W. FLANAGAN
Chief United States District Court Judge

---

[2] If, at the time of the dispositive motions deadline, which is the same in both cases, defendants determine joint briefing regarding the issue of plaintiff's trade dress would be more efficient, they may file a combined brief. They are not, however, required to file jointly.

4